EDWARD S. McLARNON *vs.* VIRGINIA JOKISCH & another.[1]

Middlesex. December 6, 1999. - May 4, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*"Anti-SLAPP" Statute. Statute,* Construction. *Constitutional Law,* Right to petition government. *Practice, Civil,* Attorney's fees, Costs.

This court concluded that G. L. c. 231, § 59H, the "anti-SLAPP" statute, was applicable to a civil action alleging a violation of civil rights, malicious prosecution, alienation of affection, and intentional infliction of emotional distress arising out of applications for protective orders against the plaintiff, based on assertedly false allegations of abuse. [345-347]

A special motion to dismiss, filed pursuant to G. L. c. 231, § 59H, was properly allowed, where the defendants in a civil action demonstrated that the claims against them were based solely on their actions in seeking protective orders against the plaintiff, and where the plaintiff did not show that there was no reasonable factual support or arguable basis in law for the defendants' petitioning activities. [348-349]

Defendants who prevailed on appeal on their special motion to dismiss under G. L. c. 231, § 59H, were entitled to attorney's fees and costs on appeal. [350]

CIVIL ACTION commenced in the Superior Court Department on January 26, 1998.

A special motion to dismiss and to award attorney's fees was heard by *Hiller B. Zobel,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gregory A. Hession* for the plaintiff.

*Beth S. Herr* (*Anne E. O'Reilly* with her) for the defendants.

ABRAMS, J. The plaintiff appeals from the decision of a Superior Court judge granting the defendants' special motion to dismiss, pursuant to G. L. c. 231, § 59H. The judge declined to grant the defendants' motion for costs and attorney's fees. The defendants now seek costs and attorney's fees for the trial and the appeal. We transferred the case to this court on our own

---

[1]David Douglas.

motion. We now affirm the decision allowing the defendants' special motion to dismiss.

1. We recite the undisputed facts. The plaintiff, Edward S. McLarnon, and the defendant, Virginia Jokisch, were married in 1974. They had a son, Ian, in 1981. McLarnon and Jokisch divorced in 1986. Pursuant to a divorce decree, they were awarded joint legal and physical custody of Ian. In 1990, Jokisch married the defendant David Douglas. Ian continued to spend time with each of his parents until September, 1994.

On September 1, 1994, Jokisch requested an abuse prevention order, pursuant to G. L. c. 209A, restraining McLarnon from contacting her or Ian. Jokisch filed her petition in the Concord Division of the District Court Department. The District Court judge issued an order valid until September 9, 1994, and transferred the matter to the Middlesex Probate and Family Court. On September 9, a probate judge issued a second order valid until September 23. After a hearing on September 16, the probate judge extended the second order until November 30.

On November 30, a third order pursuant to G. L. c. 209A was issued restraining McLarnon from contacting either Jokisch or Ian. This order, valid through November 30, 1995, stated that "[a]n exception to this order is to be made anytime that Ian McLarnon initiates contact with [his father], and anytime a therapist for Ian requests father's participation in Ian's therapy requiring contact between father [and] son." A fourth order, with the same exception, was issued in November, 1995, with an expiration date of May 31, 1996.[2]

While this order was effective, Ian initiated contact with his father by telephone. McLarnon then picked up Ian and brought him to McLarnon's home. Jokisch believed this was a violation of the G. L. c. 209A order and contacted the police. McLarnon was arraigned on a complaint. The matter was heard by a clerk-magistrate who determined that the order was vague and refused to let the matter go forward.

Subsequently, the order was extended through June 26, 1996. On June 26, the order was modified to delete the exception and to continue it through May 30, 1997. The order was again extended until June 18, 1998.

In January, 1998, McLarnon filed a complaint against Jokisch

---

[2]On March 18, 1996, a new order was issued. It was identical to the previous order, except that it reflected Ian's new school.

and Douglas alleging violation of civil rights, malicious prosecution, alienation of affection, and intentional infliction of emotional distress. In his complaint, McLarnon alleged that Jokisch included false allegations of physical abuse in her applications for protective orders against him.[3] He further alleged that the protective orders were issued as a result of perjury, fraud, and misrepresentation by the defendants.

Jokisch and Douglas filed a special motion to dismiss the plaintiff's complaint and to award attorney's fees pursuant to G. L. c. 231, § 59H, the anti-SLAPP statute.[4] In their memorandum in support of the motion, they argued that the "[m]otion to [d]ismiss should be granted because the [p]laintiff's suit is meritless, has no support in fact or law[,] and is based on the [d]efendants' petitioning activity alone. As such, the [d]efendants are entitled to the procedural remedy for early dismissal and reasonable attorney's fees offered by the Massachusetts anti-SLAPP statute. [G. L. c. 231, § 59H]."

The Superior Court judge allowed the defendants' motion to dismiss, but declined to award attorney's fees. McLarnon timely filed a notice of appeal. Jokisch and Douglas did not file a notice of appeal (cross appeal). We transferred the case here on our own motion. We now conclude that the defendants' motion to dismiss was properly granted. We also conclude that the defendants are not entitled to costs and attorney's fees related to trial because they did not appeal from the judge's denial of their motion for costs and attorney's fees. The defendants are entitled to such costs and fees on appeal.

2. We first consider whether G. L. c. 231, § 59H, is applicable. The plaintiff argues that the anti-SLAPP statute is not intended to cover the activities engaged in by the defendants. He contends that the statute is intended to protect citizens speaking out on issues of public concern, not private matters. The plaintiff also expresses his concern that allowing the special

---

[3]Douglas filed an affidavit in support of Jokisch's application for an abuse prevention order.

[4]"The acronym 'SLAPP' (Strategic Lawsuit Against Public Participation) was coined by George W. Pring and Penelope Canan. See Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L. Rev. 3, 4 (1989)." *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 160 n.7 (1998).

motion to dismiss here abolishes all claims for malicious prosecution in the future.[5] We disagree.

General Laws c. 231, § 59H, inserted by St. 1994, c. 283, § 1, is popularly know as the "anti-SLAPP" law.[6] In *Duracraft*

---

[5] The plaintiff also contends that the language of the statute shifts the burden of proof at the motion stage, in violation of the proposition that Legislatures must comply with due process when substantially modifying a cause of action. See *Hammond v. United States*, 786 F.2d 8, 12 (1st Cir. 1986). Assuming, arguendo, the accuracy of this claim, the plaintiff has failed to meet his burden that there has been a violation of due process. *Id.*

[6] General Laws c. 231, § 59H, states in relevant part: "In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

"The attorney general, on his behalf or on behalf of any government agency or subdivision to which the moving party's acts were directed, may intervene to defend or otherwise support the moving party on such special motion.

"All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. . . .

" . . .

"If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law.

"As used in this section, the words 'a party's exercise of its right of petition' shall mean any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government."

*Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161 (1998), we recognized that "SLAPP suits have been characterized as 'generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so.' *Wilcox* v. *Superior Court*, 27 Cal. App. 4th 809, 816-817 (1994), citing Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L. Rev. 3, 5-6, 9 (1989)." Nevertheless, we acknowledged that "[t]he legislative history in Massachusetts demonstrates that in response to the problem of SLAPP suits the Legislature intended to enact very broad protection for petitioning activities. . . . In the statute as enacted, the Legislature . . . did not address concerns over its breadth and reach, and ignored its potential uses in litigation far different from the typical SLAPP suit." *Id.* at 162-163.

We also noted that some other States' Legislatures have narrowed the reach of their anti-SLAPP statutes by "requir[ing] that petitioning activities seeking the special procedural protections of such statutes be connected with matters of public concern." *Id.* at 163 n.12. By contrast, we noted, the phrase "public concern" was struck from G. L. c. 231, § 59H, before it was passed in final form. *Id.* at 164. We declined "to 'reinsert the rejected condition that the moving party's activity must involve a matter of public concern.' [*Duracraft Corp.* v. *Holmes Prods. Corp.*, 42 Mass. App. Ct. 572, 579 (1997)], citing *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914). Accord *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 706 (1984)." *Duracraft Corp.* v. *Holmes Prods. Corp.*, *supra* at 164. Whether the statute should be limited to matters of public concern is a matter for the Legislature, not the courts.

Further, we note that the statute defines "a party's exercise of its right of petition" as including "any written or oral statement made before or submitted to a . . . judicial body." G. L. c. 231, § 59H. This phrase is broad enough to include filing for abuse protection orders and supporting affidavits as Jokisch and Douglas did here. Nor do we believe that claims for malicious prosecution will be precluded by the statute. As we discussed in *Duracraft*, *supra* at 168, after the movant has made a threshold showing, "the burden shifts to the nonmoving party as provided in the anti-SLAPP statute." The nonmoving party then has the opportunity to overcome the movant's showing and preserve the claim. Thus, we conclude that G. L. c. 231, § 59H, was properly applied to this complaint.

3. We now turn to the issue whether the special motion to dismiss was properly granted in this case. The plaintiff argues that the defendants have not shown that the claims against them are based on their petitioning activities alone, with no other substantial basis. See *id.* at 167-168. He contends that they could not have made that showing because there is ample evidence in the record that his claims against the defendants are based on the defendants' false representations throughout the petitioning process.[7] We disagree.

We review the judge's decision to grant the special motion to dismiss to determine whether there was an abuse of discretion or error of law. We discussed the requirements for a special motion to dismiss to be granted pursuant to G. L. c. 231, § 59H, in *Duracraft, supra* at 159-160. We stated: "Because the Legislature intended to immunize parties from claims 'based on' their petitioning activities, we adopt a construction of 'based on' that would exclude motions brought against meritorious claims with a substantial basis other than or in addition to the petitioning activities implicated. The special movant who 'asserts' protection for its petitioning activities would have to make a threshold showing through the pleadings and affidavits that the claims against it are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities. Once the special movant so demonstrates, the burden shifts to the nonmoving party as provided in the anti-SLAPP statute. See *Wilcox*, [*supra* at 819]. Such a showing by the special movant should serve to distinguish meritless from meritorious claims, as was intended by the Legislature." *Duracraft, supra* at 167-168.

Here, the defendants made an initial showing that the claims against them were based on their petitioning activities alone.

---

[7]The plaintiff also argues that his own petitioning and due process rights have been denied because he is unable to pursue his tort claims in the court of his choice. He bases this argument on an isolated part of the lower court decision, which states: "The acts complained of here are, in the court's reading of the record, so intimately bound up in the existing litigation [in the Probate and Family Court Department] that treating them as separate would work an injustice." We agree with the plaintiff that a special motion to dismiss pursuant to G. L. c. 231, § 59H, should not be granted merely because there is ongoing litigation between the parties in a different forum. However, we do not believe that is the case here. Rather, the judge here applied the principles articulated in *Duracraft, supra*, in allowing the defendants' special motion to dismiss.

After this threshold showing, the burden shifted to the plaintiff to show that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." G. L. c. 231, § 59H.

The plaintiff contends that the defendants made false allegations of physical abuse. He has failed to meet his burden of showing that there was no reasonable factual support or any arguable basis in law for their petitioning activities. Jokisch first requested an abuse prevention order in September, 1994. In support of that request, Jokisch and Douglas each filed an affidavit.[8] The plaintiff, in his complaint, contends that these affidavits contain false allegations that McLarnon physically abused Jokisch. The plaintiff filed several affidavits in the lower court in support of this contention.[9]

Throughout the c. 209A proceedings, the plaintiff exercised his right to be heard during numerous court hearings before different judges. Based on these hearings and the documentary evidence before them, several judges granted or extended protective orders against the plaintiff over a period of more than three years. Thus, despite conflicting affidavits, the judge could conclude that the orders of these courts established that the plaintiff failed to meet his burden of proving no reasonable factual support or basis in law for the defendants' petitioning activities.[10] There was no abuse of discretion or error of law in the judge's decision to grant the defendants' special motion to dismiss pursuant to G. L. c. 231, § 59H.

4. The defendants make several claims regarding attorney's fees and costs. We address these claims in turn.

The defendants first claim that they are entitled to attorney's fees and costs incurred through the trial. We agree that the statute specifically requires the payment of attorney's fees and costs. The statute provides that, "[i]f the court grants such special motion to dismiss, the court shall award the moving

---

[8]An additional affidavit, one of Ian McLarnon, was submitted in May, 1996.

[9]In addition to his own affidavit, McLarnon attached affidavits from a physician, McLarnon's father, and one of McLarnon's friends in support of his memorandum in opposition to the defendants' special motion to dismiss. He also attached a portion of a 1986 deposition given by Jokisch in support of his memorandum.

[10]Further, the judge impliedly ruled that the plaintiff's complaint was simply a collateral attack on the judgments of other courts.

party costs and reasonable attorney's fees . . . ." G. L. c. 231, § 59H. The judge has no discretion in deciding whether to award costs and fees. A judge must award costs and fees in cases in which the judge grants the special motion to dismiss under G. L. c. 231, § 59H. The purpose of the statute is to reimburse persons for costs and attorney's fees if a judge determines that the statute is applicable and allows their motion to dismiss. Thus, the judge's failure was erroneous. However, the defendants did not appeal from the denial of their motion for attorney's fees and costs. See Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979). Therefore, the issue of attorney's fees and costs at trial is not before us, and we do not consider it.

The defendants next argue that they are entitled to costs and attorney's fees related to their appeal. The defendants requested these costs and fees in the brief they submitted to this court. This is the appropriate procedure for a party seeking costs and fees for appellate work. *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989). "The statutory provisions for . . . 'reasonable attorney's fee[s]' would ring hollow if it did not necessarily include a fee for the appeal." *Id.* at 19. Thus, the defendants may apply to a single justice of this court for an award of appropriate attorney's fees and costs in connection with the appeal. *Rubenstein* v. *Royal Ins. Co.*, 429 Mass. 355, 361 (1999). See *Police Comm'r of Boston* v. *Gows*, 429 Mass. 14, 20-21 n.6 (1999); *Vassallo* v. *Baxter Healthcare Corp.*, 428 Mass. 1, 23 (1998); *Linkage Corp.* v. *Trustees of Boston Univ.*, 425 Mass. 1, 29, cert. denied, 522 U.S. 1015 (1997).

Finally, the defendants ask this court to double the award, arguing that McLarnon's appeal is frivolous and that he had no reasonable expectation that he would prevail. We disagree. McLarnon appealed a novel legal issue and could have had a reasonable expectation that he would prevail. Therefore, we decline to double the award.

*Judgment affirmed.*