Borenstein, J.
I. INTRODUCTION
The plaintiff, Thomas M. Wynne, Jr. (“Wynne”), a former firefighter for the Town of Greenfield, brought this action against the defendants for allegedly defamatory statements concerning the plaintiff. The plaintiffs two-count complaint seeks relief for slander, libel, defamation and republication of defamation (Count I); and harassment, intimidation, conspiracy to deprive Plaintiff of his career, employment, employment income, benefits, retirement benefits, seniority, to damage and destroy his good reputation (Count II).
The defendants[2] now bring this special motion to dismiss pursuant to G.L.c. 231, §59H, contending that the statements the Plaintiff relies upon in his complaint are petitioning activities protected by G.L.c. 231, §59H.
For the following reasons, the defendants’ motion is ALLOWED.

II. BACKGROUND

As permitted by G.L.c. 231, §59H, the Court draws the following facts and reasonable inferences from the pleadings, supporting and opposing affidavits.
In December 1993, the plaintiff was hired as a permanent, full-time firefighter for the Greenfield Fire Department. On or about September 11, 1997, the plaintiff filed an action against fellow firefighter Kenneth Creigle (“Mr. Creigle”) in Greenfield District Court, known as Civil Action Number 9741CV393. In his complaint, the plaintiff alleged that Mr. Creigle made misrepresentations concerning his residency status, which had an effect on his seniority as a firefighter. On January 28, 1998, Mr. Creigle committed suicide, and on June 4, 1998, the action against him was dismissed.
On or about April 18, 1998, Greenfield Fire Department Chief James J. MacKenzie received a memorandum from Captain Richard W. Townsley regarding concerns over morale and safety at the fire department. Captain Townsley stated in his memorandum that the problems between the plaintiff and his fellow firefighters in Group Two had become a safety issue for the fire department and the firefighters.
On May 1, 1998, Chief MacKenzie reassigned the plaintiff from Group Two to the Fire Prevention/Fire Alarm Division of the Greenfield Fire Department, under the supervision of Assistant Chief George E. Herzig, Jr. Chief MacKenzie requested that Assistant Chief Herzig investigate allegations against the Plaintiff concerning conduct unbecoming a firefighter. Assistant Chief Herzig’s investigation was completed by May 20, 1998, and included statements by the thirteen firefighter defendants and the widow of Kenneth Creigle, the Defendant Amy Creigle (“Ms. Creigle”). The plaintiff had also submitted a written statement to Assistant Chief Herzig concerning these allegations. Assistant Chief Herzig collected the statements through interviews conducted over a two-week period in the beginning of May 1998, in the deputies’ room and the fire prevention office at fire headquarters. Assistant Chief Herzig submitted his report to Chief MacKenzie and informed him that half of the firefighters in the department had submitted statements, and that a number had refused to submit statements, allegedly out of fear for themselves and their families.
The statements were used in the context of a hearing conducted on June 15, 1998, at which allegations of misconduct by the plaintiff were addressed. Following this hearing and unsuccessful attempts by Chief MacKenzie to reach a solution short of termination, the plaintiff was terminated from the Greenfield Fire Department.
On or about August 6, 1998, the plaintiff filed this action against Chief Mackenzie in the Greenfield Superior Court.[3] The defendant removed the action to the United States District Court for the District of Massachusetts.[4] United States Magistrate Kenneth P. Newman granted the defendant’s motion for summary judgment on July 11, 2001, which was affirmed by United States District Judge Michael A. Ponsor on August 13, 2001.
On or about May 4,2001, the plaintiff filed an action in this Court against Chief MacKenzie, alleging claims similar to the federal action previously dimissed. In addition, the plaintiff filed an action against the firefighter defendants, Amy Creigle, Patty Carroll, and Town Manager Norman Thidemann.[5] Both actions were consolidated into this action on February 7,2002 (Borenstein, J.).

*449
III. DISCUSSION

A. Special Motion to Dismiss Pursuant to G.L.c. 231, §59H
More commonly known as the anti-SLAPP statute, G.L.c. 231, §59H was enacted to protect citizens from lawsuits designed to chill their right to petition the government for redress of grievances. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161 (1998). SLAPP suits are those brought not to win, but to use litigation to deter, intimidate or punish citizens who either will or have reported violations of law, writing to government officials, attending public hearings, or testifying before government bodies. Duracraft, supra, at 161-62; see also, McLarnon v. Jokish, 431 Mass. 343, 347 (1999). Although the typical SLAPP suit “is directed at individual citizens of modest means for speaking publicly against development projects,” it is also true that “the legislative history in Massachusetts demonstrates that in response to the problem of SLAPP suits the Legislature intended to enact very broad protection for petitioning activities ... In the statute as enacted, the Legislature . . . did not address concerns over its breadth and reach, and ignored its potential uses in litigation far different from the typical SLAPP suit.” Duracraft, supra, at 162-63; see also, McLarnon, supra, at 347. The act itself broadly defines the right to petition as:
Any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition the government.
G.L.c. 231, 59H.
It has also been noted that while other states’ legislatures have narrowed the reach of their antiSLAPP statutes to require that the petitioning activities be connected with matters of public concern, such a requirement was struck from G.L.c. 231, §59H before it was passed in final form. Duracraft Corp. v. Holmes Products Corp., 42 Mass.App.Ct. 572, 574-75 (1997); accord, Duracraft, supra, at 164.
B. Burden of the Moving Party
The moving party must make a prima facie showing that they were exercising their right to petition. G.L.c. 231, §59H. As clarified by the Court in Duracraft, in order to satisfy this burden, the moving party must “make a threshold showing through the pleadings and affidavits that the claims against it are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Duracraft, supra, at 167-68; see also, Baker v. Parsons, 434 Mass. 543, 550 (2001).
The defendants here must show that the statements relied on by the plaintiff were made while exercising their right to petition. The exhibits included in the pleadings consist of statements by thirteen of the Firefighter defendants and defendant Creigle given to Assistant Chief Herzig in the course of his investigation concerning Wynne’s conduct.[6] One of these Firefighter defendants, Captain Townsley, wrote a letter to Assistant Chief Herzig following his statement, reiterating much of what was said in his prior statement. The plaintiff includes no evidence of any statements made by defendants Thideman, or Herzig. In regard to Assistant Chief Herzig, it could only be inferred that the plaintiff relies on Herzig’s taking of the firemen defendants statements as evidence of the defamatory statements he alleges. As to defendant Ms. Creigle, evidence consists of: her statement given to Assistant Chief Herzig in the course of his investigation, and two (2) statements she made to newspaper The Recorder on August 8, 1998. Her statements to the newspaper occurred after the plaintiff provided the newspaper with the statements of the firefighters, documents from the June 15, 1998 hearing and his dismissal letter, and alleged in a previous article that he was being fired for being a whistle-blower. These statements obtained by Assistant Chief Herzig were never disseminated outside of the June 15, 1998 hearing until the plaintiff himself did so.
It is clear to this Court that the statements made by the firefighter defendants were solicited by Assistant Chief Herzig in the course of his investigation, as were the statements of Ms. Creigle. The anti-SLAPP statute includes a variety of actions considered an exercise of the right to petition: “any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding.” G.L.c. 231, §59H. Solicitation by government officials of others to petition has been determined to fall within the conduct protected by the anti-SLAPP statute. Baker, supra, at 549. Afire department has been found to qualify as an entity protected by G.L.c. 231, §59H. Donovan v. Gardner, 50 Mass.App.Ct. 595, 600 (2000). In this instance, it is clear that the statements the plaintiff has provided are statements “reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding.” G.L.c. 231, §59H. Accordingly, the defendants have made a prima facie showing that in responding to Assistant Chief Herzig’s investigation they were exercising their right to petition under G.L.c. 231, §59H.
*450 C. Burden of the Non-moving Party
Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to show by a preponderance of the evidence that the moving party lacks any reasonable factual support or any arguable basis in law for its petitioning activities. Baker, supra, at 553-54. The plaintiff must show “that no reasonable person could conclude that there was [a basis in law] for requesting [the statements].” Baker, supra, at n.20.
The plaintiff contends that the defendants made false allegations concerning his fitness as a firefighter, and were engaged in a campaign to punish him for speaking out against what he considered unjust hiring practices at the Greenfield Fire Department. In support of this contention the plaintiff relies on a letter he wrote to Assistant Chief Herzig on May 9, 1998; an affidavit signed by the plaintiff, dated May 20, 1997; a letter addressed “To Who it may concern,” dated June 15, 1998; and an affidavit of Ronald Lamoureaux, dated June 13, 1998. Concerning the plaintiffs letter to Assistant Chief Herzig, the plaintiff alleges that he was being harassed by other firefighters around the firehouse, without specifying who was harassing him. In the plaintiffs affidavit, he solely discusses statements made by the late Kenneth Creigle. The letter of June 15, 1998 discusses an incident in which defendant Firefighter Gamage was apparently curt towards the plaintiff during a call to a nursing home. In the affidavit of Ronald Lamoureaux, the only defendant mentioned is Firefighter Taylor, and it concerns statements made about the prior lawsuit the Plaintiff filed against the late Kenneth Creigle, specifically that he was of the opinion that the plaintiff should not have brought the suit against Kenneth Creigle. Outside of this evidence, the plaintiff relies solely on the statements made to Assistant Chief Herzig, obtained in the course of his investigation.
The plaintiff makes no attempt to explain how the statements made by the defendants were devoid of factual support or legal basis. After the suicide of a firefighter and alleged misconduct by the plaintiff, Chief McKenzie instructed Assistant Chief Herzig to investigate the fitness, morale and safety of the fire department, and in doing so Assistant Chief Herzig solicited statements from various parties. The statements were used solely for the purpose of the June 15, 1998 hearing, and were not disseminated to the public until the plaintiff received them and he made them available to the public. Aside from repeated assertions, without an evidentiary basis, that the defendants were conspiring to deprive him of hfs job as a firefighter through their statements, the plaintiff relies solely on conclusory statements or arguments of counsel. Accordingly, plaintiff has not provided sufficient evidence to meet his burden.
Because the plaintiff has not satisfied the first prong of his required showing under G.L.c. 231, §59H, the Court need not address the second prong of the plaintiffs burden. See Baker, supra, at 664-55; McLaron, supra, at 349.
D. Damages
Pursuant to G.L.c. 231, §59H, if the special motion to dismiss is granted, the moving parly can be awarded costs and reasonable attorneys fees. The judge does not have any discretion in deciding whether to award costs and fees. MacLarnon, supra, at 350. The statute contemplates that a special motion to dismiss will be made within sixty days of the service of the complaint, but it is within my discretion to allow special motions to be filed after sixty days. G.L.c. 231, §59H. In this instance, the special motions were filed by the defendants over 230 days after the filing of the plaintiffs complaint, but this Court allows late filing based on the evidence and all of the circumstances before me. In light of the evidence before the Court, costs and fees are appropriate, and the defendants may submit such a request, supported by affidavit and memorandum in writing.

IV. ORDER

It is therefore ORDERED that the Defendants’ special motions to dismiss be and hereby are ALLOWED.

Norman Thidemann, George E. Herzig, Jr., Richard W. Townsley, Hormidas Lively, James O. Ewart, George W. Randall, Mark H. Cogswell, William Taylor, William Schneider, Dale Mathey, William P. DeVino, Alan Tufano, Keith Gamage, Robert Strahan, and Stephen Gunn (Defendant Firefighters); and Amy Creigle. Defendants James J. Mackenzie and Patty Carroll do not join in this motion.

Greenfield Superior Court Civil Action Number 98-120.

Unlted States District Court Civil Action Number 98-30169-MAP.

That complaint, Civil Action Number 01-0865, is part of this action.

These defendants include Firefighters Liveley, Ewart, Randall, Cogswell, Taylor, Schneider, Mathey, Devino, Tufano, Gamage, Strahan, Gunn and Townsley.