Fecteau, J.
INTRODUCTION
The plaintiff, Richard Fechtor (“Fechtor”) brought claims, on behalf of himself and other stockholders of Teletrak Environmental Systems, Inc. (Teletrak) against Fleet National Bank (“Fleet”) alleging breach of the covenant of good faith and fair dealing, breach of fiduciary duty and G.L.c. 93A violations. Fleet has moved for a special Motion to Dismiss pursuant to G.L.c. 231, §59H. As Fleet has made its threshold showing that Fechtor’s claims are based on Fleet’s petitioning activity, and Fechtor has failed to show that Fleet’s petitioning activities were without merit in law or fact and that Fechtor and the stockholders were injured by Fleet’s actions, Fleet’s special Motion to Dismiss is ALLOWED.

BACKGROUND

Advanced Environmental Systems (“AES”) secured a $300,000 loan, later increased to $400,000, from BankBoston, Fleet’s predecessor-in-interest. AES defaulted on this loan. AES and Fleet entered into a Forbearance and Loan Modification whereby two officers of AES, Gerd Reinig (“Reinig”) and Gerald McNamara (“McNamara”) pledged, as collateral, all marketable securities of Teletrak, of which AES is a wholly owned subsidiary. AES failed to comply with the provisions of the Forbearance and Loan Modification Agreement. AES and Fechtor proposed a plan to Fleet whereby three unidentified individuals would purchase Reinig and McNamara’s shares of Teletrak, which would generate at least some of the funds needed to pay-off the loan. Fleet declined to participate in this plan and instead Fleet brought an action against AES, Reinig and McNamara to recover payment on the defaulted loan. Worcester Superior Court, Civil Action No. 03-0693A. As part of that case Reinig brought several counterclaims against Fleet, including breach of covenant of good faith and fair dealing, breach of fiduciary duty, and 93A unfair trade practices. Fleet filed a special motion to dismiss pursuant to G.L.c. 231, §59H. That motion was denied.[2] Fechtor has now commenced a separate action against Fleet on behalf of himself and the stockholders of Teletrak alleging several of the same counts raised in Reinig’s counterclaims. Fechtor alleges that when Fleet declined to agree to a proposal to sell the Teletrak stock that was pledged to the bank as collateral on the loan, Fleet breached the covenant of good faith and fair dealing and fiduciary duties it owed the stockholders of Teletrak. Fechtor has also brought 93A claims in relation to these breaches. Fleet has filed a special motion to dismiss pursuant to G.L.c. 231, §59H.

DISCUSSION

The anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, G.L.c. 231, §59H, was enacted as a remedy for “generally meritless suits brought by large public interests to deter common citizens from exercising their political or legal rights or to punish them for doing so.” Duracraft Corp. v. Holmes Prods. Corp., 427 Mass 156, 161 (1998). The statute sets out in relevant part: “In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right to petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.” G.L.c. 231, §59H
While in Duracraft, the Supreme Judicial Court found that the statute was not intended to be used as a litigation tactic by corporate competitors embroiled in ongoing litigation, the court nonetheless found that the statute did have broad protection. 427 Mass, at 163. The Legislature intended the scope of protection of petitioning activities covered by the anti-SLAPP law to be quite broad. McLarnon v. Jokisch, 431 Mass. 343, 347 (2000). In enacting the statute, the Legislature did not address concerns over its breadth and reach, and ignored its potential uses in litigation far different from the typical SLAPP suit. Id. at 347, citing Duracraft, 427 Mass, at 162-63. Petitioning activities include written statements submitted to judicial bodies. Id It does not matter whether the matter of the petitioning is one of public concern. Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002). Moreover, the anti-SLAPP statute can be applied to private parties of limited means. McLarnon, 431 Mass, at 344-45. The Supreme Judicial Court has found that the statute applied to a private dispute between former spouses, McLarnon, 431 Mass. 343, and a private dispute between a group of corporations and condominium trustees, Office One, 437 Mass. 113. The Appeals Court has found that it applies to disputes between neighboring property owners. Donovan v. Gardner, 50 Mass.App.Ct. 595 (2000), Vittands v. Sudduth, 49 Mass.App.Ct. (2000), Avaslis v. Armstrong, 56 Mass.App.Ct. 740 (2002). Arguments by the non-moving party that a lawsuit was not your “typical” SLAPP suit have often failed. See e.g., McLarnon, 431 Mass, at 345,-347, Office One, *72 Inc., 437 Mass. at 121-22, Baker v. Parsons, 434 Mass. 543, 548-49 (2001).
Despite the fact that SLAPP suits are generally brought by “large public interests” against “common citizens” for their petitioning activities, the courts have interpreted the Legislative intent to be far more expansive than only protecting the petitioning activities of a “common citizen” in this “typical suit.” McLarnon, 431 Mass, at 345,-347, Office One, Inc., 437 Mass, at 121-22, Baker, 434 Mass, at 548-49. The focus of the analysis is on the petitioning activity, not on the petitioner’s identity. Fleet was engaged in petitioning activity: seeking remedy in the court for a defaulted loan. It does not matter that Fleet is a large bank attempting to prevent a claim against it by a citizen. While the relative posture of the parties herein are not what is typically seen in the cases in which the statue is involved there is nothing in the statute or the case law interpreting it that bars its use by Fleet. The anti-SLAPP statute applies if there are petitioning activities involved. As the anti-SLAPP statute does apply, the court then must determine if the application of the statute mandates the dismissal of Fechtor’s claims.
As the moving party, asserting the protection of the statute, Fleet must make the threshold showing that Fechtor’s claims against it are based on Fleet’s petitioning activities alone. Duracraft, 427 Mass, at 167. A claim is “based on” petitioning activities if it has no substantial basis other than or in addition to the petitioning activities." Id. at 167-68. At this threshold stage the focus is on the conduct complained of; the motive behind the petitioning activity is irrelevant. Office One, 437 Mass, at 122. If there is another substantial basis for the claim it cannot be dismissed as it is not based only on the petitioning activity. Id.
Fleet has made this initial showing. Fechtor’s claims are based entirely on the fact that Fleet chose to pursue a remedy through the court for the defaulted loan rather than accept a proposed settlement offer that Fleet deemed unacceptable and refused to participate in AES’s proposed stock-selling plan. Fechtor alleges that the “wrongful action” commenced by Fleet to recoup the loan amount was a breach of the covenant of good faith and fair dealing, a breach of the bank’s fiduciary duly, and a 93A violation, all of which contributed to a reduction in the market price of Teletrak. The plaintiff has not explained, nor does the court view any substantial basis for Fechtor’s claims other than the petitioning activity by Fleet’s commencement of a suit against AES to enforce its liabilily for the defaulted loan.
Once the moving party, here Fleet, satisfies its burden to make the threshold showing that no substantial claim exists, other than that represented by the petitioning activity, the burden shifts to the opposing party, here Fechtor, to show (1) Fleet’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) Fleet’s acts caused actual injuiy to Fechtor and the other stockholders. Fabre v. Walton, 436 Mass. 517, 520 (2002). This showing must be made by a preponderance of the evidence. Baker v. Parsons, 434 Mass, at 553-54. If Fechtor cannot make this showing, the court shall grant the motion to dismiss. Duracraft, 427 Mass, at 167-68.
Fechtor has failed to show, by a preponderance of the evidence, that Fleet’s petitioning activity was devoid of factual or legal basis. Indeed, AES defaulted on a loan which Fleet had the right to recover. Fleet was entitled, in law and fact, to pursue a remedy through the court according to the terms of the promissoiy notes and commercial guarantees signed by Reinig and McNamara and is not obligated to accept an offer in settlement that it deemed unsatisfactory. This finding alone is sufficient to allow this court to find that Fechtor has not satisfied his burden at this stage, thus requiring an allowance of the motion. Moreover, Fechtor has not offered any evidence of injuiy other than an alleged drop in the per share price of Teletrak, the parent of AES, from thirty-two cents per share to twenty cents per share, beyond the speculative causation claim that it was due to Fleet’s failure to accept a proposed settlement and its decision to commence this lawsuit that caused the price of Teletrak stock to drop and not as a result of other factors, including those economic factors that may be inherent in the marketplace or which may have more to do with the financial health and viability of AES. Fechtor has, therefore, failed to satisfy his burden to demonstrate that Fleet’s petitioning activity caused him or other shareholders of Teletrak actual injuiy. Therefore, for the foregoing reasons, Fleet’s special motion to dismiss pursuant to G.L.c. 231, §59H must be allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s special Motion to Dismiss pursuant to G.L.c. 231, §59H is ALLOWED.

 In his order of denial, Billings, J., found that Reinig’s claims were not “based on” the petitioning activities alone, Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998), but “appear to have a ‘substantial basis other than or in addition to the petitioning activities.’ ” In Duracraft the court explained that “ ‘based on’ does not mean ‘in response to’: although claims . . . may be classified as petitioning activities, plaintiffs are not immunized from counterclaims filed in response.” 427 Mass, at 168 n.20. Although these counterclaims brought by Reinig against Fleet are similar to the claims brought by Fechtor, counterclaims brought in response to claims asserted against a party are entirely different from a wholly new case brought “based on” a prior case. Therefore, as was made in Duracraft, id,, a distinction is to be made between the postures of the special motions brought in these two related cases, in that it is reasonable to infer, and I do infer that the reason for the motion having been *73 denied by Billings, J., is that the special motion was directed against a counterclaim, whereas the motion here attacks the original complaint filed by the plaintiff.