Troy, J.
This matter is before the court on the plaintiffs’, Cappy’s Way Realty Trust (“CWRTj, Leslie T. Armstrong (“L. Armstrong”), and Arthur A. Armstrong, III (“A. Armstrong”) (collectively “the plaintiffs"), special motion to dismiss the defendant’s, David E. Ouellet (“Ouellet”), counterclaim for abuse of process. The plaintiffs bring this motion pursuant to the anti-SLAPP statute, G.L.c. 231, §59H, which “protects the exercise of [the] right of petition under the constitution of the United States or of the [C]ommonwealth.” Office One, Inc. v. Lopez, 437 Mass. 113, 121 (2002) (internal quotations omitted). For the reasons stated below, the plaintiffs’ special motion to dismiss is DENIED.
Background
In March of 2002, Ouellet filed suit in the United States District Court, District of Massachusetts against Arthur Amaral and Laura-Jo Amaral. In connection with the suit, Ouellet obtained a real estate attachment upon property owned by CWRT, the plaintiff in this case. L. Armstrong, individually and as Trustee of CWRT, intervened and filed counterclaims . against Ouellet alleging he had interfered with CWRTs development of its real estate.
On or about February 12, 2003, the plaintiffs filed this lawsuit against Ouellet, New Dedham Development, LLC (“NDD”), and Lawrence Rothschild (“Rothschild”), seeking recovery against all parties for a variety of claims, including malicious prosecution, similar to those alleged as counterclaims in the federal case. The plaintiffs were granted an ex-parte security against Ouellet, NDD, and Rothschild in the form of a Real Estate Attachment, Order of Lis Pendens, and a Temporary Restraining Order. On March 30, 2003, pursuant to a special motion to dismiss, this court dismissed all counts against NDD and Rothschild, and the malicious prosecution count against Ouellet. The court dissolved the security issued against NDD, Rothschild, and Ouellet. Prior to this order, on March 21, 2003, Ouellet filed an answer and counterclaim against the plaintiffs, alleging that the complaint against him, NDD, and Rothschild was an abuse of process, brought for the purpose of interfering with the completion of his real estate project and interfering with his business relationship with NDD and Rothschild.
On September 15, 2003, Ouellet filed a motion for summary judgment, alleging that even if all the plaintiffs’ allegations were proven true, the plaintiffs could not prove damages. On December 16, 2003, the court denied the motion. Based upon this ruling, the plaintiffs have filed this special motion to dismiss Ouellet’s counterclaim for abuse of process.
Discussion
In order for the plaintiffs to gain the protection of G.L.c 231, §59H, they “need show, as a threshold matter, through pleadings and affidavits, that the claim[] against [them is], in fact, ‘based on’ [their] petitioning activities alone and [has] no substantial basis other than or in addition to [their] petitioning activities.” Office One, Inc., 437 Mass, at 122. Ouellet does not dispute that the plaintiffs have met this burden; the abuse of process claim is solely based upon the plaintiffs’ act of bringing an action against Ouellet. Once the plaintiffs’ have meet their burden, “[i]t then falls to the [defendant] to demonstrate the merit of [his] claim[] by showing, by a preponderance of the evidence, that (1) the [plaintiffs’] petitioning activiiy is devoid of any reasonable factual support or any arguable basis in law, and that (2) the activity caused the [defendant] actual harm.” Id. at 123. The defendant, Ouellet, has met this burden.
The plaintiffs, citing to McLarnon v. Jokisch, 431 Mass. 343, 349 (2000), suggest that the survival of a motion for summary judgment is enough to warrant a grant of special motion to dismiss pursuant to G.L.c. 231, §59H. In McLarnon, the plaintiff alleged that the defendants made false allegations of physical abuse by presenting false affidavits in support of G.L.c. 209A petitions. 431 Mass, at 349. The Supreme Judicial Court upheld the lower court’s finding allowing the defendants’ special motion to dismiss because “the plaintiff exercised his right to be heard during numerous court hearings before different judges. Based on these hearings and the documentaiy evidence before them, several judges granted or extended protective orders against the plaintiff over a period of more than three years.” Id. This, the SJC stated, was a sufficient basis for the court to determine that the plaintiff failed to meet his burden “of proving no reasonable factual support or basis in law for the defendants’ petitioning activities.” Id.
The situation in this case is different. Here, the court merely denied Ouellet’s motion for summary *85 judgment on the plaintiffs claims. In so doing, the court noted that it could not say that if the plaintiffs’ claims were true there would be no damages. The court did not find that the plaintiffs had made out a claim for damages nor did it determine that the plaintiffs’ claims were true. Therefore, the plaintiffs’ special motion to dismiss can only be granted if Ouellet cannot show by a preponderance of evidence that the plaintiffs’ claims are devoid of any reasonable factual support or any arguable basis in law, and that the claims against him caused him actual harm. See Office One, Inc., 437 Mass, at 123.
This court is persuaded that Ouellet has indeed met his burden, and therefore, the plaintiffs are not entitled to succeed on their special motion to dismiss. Namely, the documents that plaintiffs have provided in support of their claims do not amount to evidence which would sustain such claims.[3] The plaintiffs’ case against Ouellet is based on the contention that he received funds belonging to CWRT. The plaintiffs provide accounting records of Attleboro Business Center, Inc. (“Attleboro Business”), the company which Arthur Amaral used to pay Ouellet, to support this contention. These records, however, only demonstrate that Attleboro Business was paying out money to Ouellet on behalf of Arthur Amaral, not that Ouellet was paid from CWRT funds. Moreover, Ouellet has shown by a preponderance of evidence that he was harmed by the filing of plaintiffs’ lawsuit. The Real Estate Attachment and Order of Lis Pendens against him effectively shut down his real estate project and disturbed his business relationship with NDD and Rothschild. Accordingly, Ouellet has demonstrated that he suffered both financial harm and damage to his business interactions.[4]
ORDER
For the reasons stated above, it is ORDERED that the plaintiffs’ special motion to dismiss is DENIED.

This court is not making a determinative judgment upon plaintiffs’ claims, it is merely stating that Ouellet has made a showing sufficient to meet his burden in opposition to the special motion to dismiss.

Furthermore, it is worth noting that Ouellet’s abuse of process claim is not without potential merit. See Kelley v. Stop and Shop, Co., 26 Mass.App.Ct. 557, 558 (1988) (stating that to make out a claim for abuse of process, one must show that process was used “for an ulterior or illegitimate purpose” which resulted in damage). Ouellet contends that the plaintiffs filed the lawsuit to interfere with the development of Ouellet’s real estate project so that he would agree to release the security he obtained in federal court or settle the case. Where a similar lawsuit is pending in federal court and where Ouellet had obtained an ex-parte attachment against the interest of L. Armstrong nine months prior to the filing of this complaint and a Keeper Attachment against the interest of L. Armstrong as mortgagee of CWRT three weeks before the case was filed, a fact finder could conclude that the plaintiffs did engage in abuse of process.