Rufo, Robert C., J.
The plaintiff, Phillip O’Connell (“O’Connell”), brought this action against the defendant, Cora Stover (“Stover”), for malicious prosecution. The matter is currently before this Court on the Defendant’s Special Motion to Dismiss, brought pursuant to G.L.c. 231, §59H, the state anti-SLAPP statute. For the reasons set forth below, the defendant’s motion is ALLOWED.

BACKGROUND

On May 19, 2001, an incident occurred in or around a park on Nantucket know as the “Dead Horse Valley.” According to the supporting papers submitted by Stover, [1] she was hanging around with some friends in the park when O’Connell arrived on the scene. O’Connell subsequently engaged in a conversation with one of Stover’s friends. Shortly thereafter, Will Benson (“Benson”), also one of Stover’s friends, asked O’Connell to leave because he was becoming aggressive, allegedly ranting and raving to their friend. When O’Connell re *268 fused Benson’s request to leave, Stover confronted him. Stover asserts that in the ensuing moments, O’Connell began to berate her, shoved her, and then threatened to rape and MI her as he was being escorted away by her friends.
On May 25, 2001, Stover and Benson reported the incident to the Nantucket Police Department via voluntary written statements. The police subsequently initiated an investigation, which included, in part, interviewing O’Connell. On June 4,2001, a formal criminal complaint was filed on behalf of the Commonwealth alleging that O’Connell assaulted Stover and threatened to rape and kill her. Ajury trial was subsequently held and on October 2, 2001, O’Connell was acquitted on all counts.
On September 24, 2004, O’Connell filed a malicious prosecution complaint against Stover. O’Connell later attempted to amend his complaint to include Kathryn Stover, Cora’s mother, but that action was dismissed without prejudice because service of process was not timely completed. Stover now moves this Court, pursuant to G.L.c. 231, §59H, to dismiss the malicious prosecution count that remains against her.

DISCUSSION

As an initial matter, this Court considers whether G.L.c. 231, §59H is applicable in civil actions for malicious prosecution. O’Connell argues that the anti-SLAPP statute is not designed to protect the iype of petitioning that Stover engaged in. He asserts that the statute is instead intended to protect under-funded political groups and individuals from speaking out in public against well-funded entities such as large corporations. O’Connell also contends that by applying G.L.c. 231, §59H in the instant case, this Court would effectively abolish the tort of malicious prosecution. Both of these arguments have already been expressly refuted by the Supreme Judicial Court in Duracraft Corp. v. Holmes Corp., 427 Mass. 156, 159-60 (1998) (“The legislative history in Massachusetts demonstrates that in response to the problem of SLAPP suits the Legislature intended to enact very broad protection for petitioning activities”), and McLarnon v. Jokisch, 431 Mass. 343 (2000) (“[W]e [do not] believe that claims for malicious prosecution will be precluded by the [anti-SLAPP] statute”). As such, further discussion is not warranted.
This Court next addresses whether G.L.c. 231, §59H is applicable to the facts of the instant case, such that O’Connell’s claim for malicious prosecution should be dismissed. Section 59H of G.L.c. 231 provides in relevant part:
In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said parly are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
See G.L.c. 231, §59H.
Under the aforementioned provision, the moving party must make a threshold showing that the claims against it are based on its petitioning activities alone, with no other substantial basis other than or in addition to the petitioning activities. See Duracraft Corp., 427 Mass. at 159-60; McLarnon, 431 Mass. at 348-49. After making this threshold showing, the burden shifts to the plaintiff to show by a preponderance of the evidence that “(1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party.” Duracraft Corp., 427 Mass. at 168, quoting G.L.c. 231, §59H; see also McLarnon, 431 Mass. at 347 (“As we discussed in Duracraft after the movant has made a threshold showing, ‘the burden shifts to the nonmoving party as provided in the anti-SLAPP statute’ ”).
In the case at bar, Stover has met her initial burden by showing that O’Connell’s complaint was based solely on her written statement to the Nantucket Police Department and the subsequent criminal action launched by the Commonwealth. After making this threshold showing, the burden shifted to O’Connell to show that Stover’s statement and the ensuing criminal action were devoid of any reasonable factual basis or arguable basis of law. O’Connell failed to meet that burden. Indeed, the record reveals that Stover made a written voluntary statement to the Nantucket Police Department after O’Connell allegedly pushed and threatened her. Much of Stover’s factual account of the incident was corroborated by Benson in the written statement he filed with the police department. Moreover, a review of both Stover and Benson’s written statements reveals that they were warranted in believing that a crime may have been committed.
Based upon the content and credibiliiy of Stover and Benson’s statements, the police, not Stover, decided to pursue a formal investigation, which eventually included an interview of O’Connell. As a result of that investigation and the written statements, formal criminal charges were brought by the Commonwealth. That complaint followed its procedural course unobstructed through the judicial system, terminating only after a jury trial and verdict. The fact that O’Connell was subsequently acquitted in that juiy trial has no relevant bearing on whether Stover’s initial statement to the police or the Commonwealth’s criminal charges were devoid of any reasonable factual support or any arguable basis in law. *269 See Hashem v. Filene’s, Inc., 16 Mass. L. Rptr. 622 (2003).
Furthermore, O’Connell’s claim for malicious prosecution is also flawed in that it was the Commonwealth, not Stover, which initiated and maintained the criminal action. Although Stover made an initial voluntary statement to the Nantucket Police Department, it was the police department who chose to pursue an investigation of O’Connell and the Commonwealth which brought criminal charges against him. It is well-established law that “[i]f a citizen registers with the police an apprehension that a crime has been committed and leaves the matter to the judgment and responsibility of the public officers, that citizen, though having started the chain of events that led to legal process, cannot be charged with malicious prosecution.” Conway v. Smerling, 37 Mass.App.Ct. 1, 4 (1994). As such, O’Connell’s claim for malicious prosecution must be dismissed.

ORDER

For the reasons stated herein, it is hereby ORDERED that the Defendant’s Special Motion to Dismiss is ALLOWED.

 O’Connell’s Motion in Opposition to Defendant’s Special Motion to Dismiss was served upon Stover almost two weeks after she filed this motion with the Court. O’Connell’s opposition was not Superior Court Rule 9A compliant and he did not attach any affidavits or related pleadings. Stover subsequently moved to strike O’Connell’s untimely opposition. This Court denied the motion recognizing that O’Connell was proceeding pro se. Nonetheless, due to O’Connell’s largely deficient response, much of the record is derived from Stover’s submission.