NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-271

DANIEL J. MCCARTHY

vs.

ASHLEY DAURIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Daniel J. McCarthy, appeals from an order of a Superior Court judge staying the assessment of attorney's fees awarded pursuant to the "anti-SLAPP" statute, G. L. c. 231, § 59H, until final disposition of the case. We affirm.

Background. In December 2020, the plaintiff filed a complaint against the defendant, Ashley Daurie, in Middlesex Superior Court, alleging libel and slander per se based on statements the defendant made alleging that the plaintiff sexually assaulted the defendant.[1] The defendant filed an answer and counterclaims for slander per se (defamation) (count one), injurious falsehood/libel (defamation) (count two), assault and

_____

[1] This was the second complaint the plaintiff filed against the defendant. The first was filed in Worcester Superior Court and dismissed without prejudice.

battery (count three), abuse of process (count four), attorney's fees (count five), and fraud, deceit, lack of good faith, abuse of Massachusetts civil provisions (count six). In February 2021, the plaintiff filed a special motion to dismiss under the anti-SLAPP statute, as to all of the defendant's counterclaims except the assault and battery claim. After a hearing, the motion judge granted the special motion to dismiss as to counts one, two, four, and six.[2] The judge noted that, "[f]rom the exhibits, it is clear that [the plaintiff] admitted that he got on top of [the defendant] when she was too intoxicated to resist his physical advances," and denied the request for dismissal of the defendant's counterclaim for assault and battery (count three), which is now the only remaining counterclaim.

After a hearing, the motion judge endorsed the plaintiff's motion for assessment of attorney's fees and awarded $6,893.34 related to the anti-SLAPP motion, but stayed the order until final disposition of this case. The plaintiff's motion for reconsideration of the order, to the extent it stayed the fee award, was denied. The plaintiff appealed the stay.

Discussion. The anti-SLAPP statute is meant to "immunize parties from claims 'based on' their petitioning activities."

---

[2] The judge also granted the plaintiff's motion to dismiss count five pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).

2

Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167 (1998). It does so by permitting a party to file a special motion to dismiss early in the litigation. "If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters." G. L. c. 231, § 59H. The awarding of the fees is "mandatory." North Am. Expositions Co. Ltd. Partnership. v. Corcoran, 452 Mass. 852, 872 (2009). The intent of the statute is to end frivolous suits based on protected petitioning activity, "quickly with minimum cost to citizens." Duracraft Corp., 427 Mass. at 161, quoting 1994 House Doc. No. 1520, preamble.

The anti-SLAPP statute's effect is two-fold. First, it halts litigation of frivolous claims, by staying discovery while the special motion to dismiss is under consideration and dismissing frivolous claims if the moving party prevails. See G. L. c. 231, § 59H. In that way it protects the petitioner "against the harassment and burdens of litigation." Fabre v. Walton, 436 Mass. 517, 521 (2002). Second, the awarding of attorney's fees ensures that the petitioner is reimbursed for the costs of defending against the frivolous claims. McLarnon v. Jokisch, 431 Mass. 343, 350 (2000).

Permitting the judge discretion to stay an order awarding attorney's fees is consistent with the purpose of the statute. Here, the plaintiff's anti-SLAPP motion was "resolved quickly," as the challenged claims were dismissed just a few months after the answer was filed. See Duracraft Corp., 427 Mass. at 161. Consequently, the plaintiff no longer faces the "burdens of litigat[ing]" those claims. Fabre, 436 Mass. at 521. The only counterclaim the plaintiff now must defend against was not included in his special motion to dismiss. In addition, the plaintiff has been awarded attorney's fees, ensuring that he is reimbursed for the costs of defending against that claim, either through the fee award or by an offset against any damages he may owe at the resolution of the case. Thus, the dual purposes of the anti-SLAPP statute are satisfied.

Further, nothing in the anti-SLAPP statute suggests that we should disturb the power courts have to manage their own dockets, including by staying a fee award. Certainly, the anti-SLAPP statute specifically curtails some of a judge's discretionary power. It instructs judges that they "shall grant" the special motion to dismiss if the petitioner can meet their burden, that all discovery "shall be stayed," and that the judge "shall award the moving party costs and reasonable attorney's fees." G. L. c. 231, § 59H. See McLarnon, 431 Mass. at 350 ("The judge has no discretion in deciding whether to

4

award costs and fees.")  Yet, judges retain broad discretion in the award of attorney's fees under the anti-SLAPP statute, including the discretion to determine the amount of the fees or to reduce them.  Polay v. McMahon, 468 Mass. 379, 388-390 (2014); Cargill, Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 363 (1997).

Judges also have broad discretion to issue stays to effectively manage their cases.  See Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Sommer v. Maharaj, 451 Mass. 615, 621 (2008) (courts have "inherent power . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases" [citation and quotation omitted]); Travenol Lab., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985) (decision "to stay proceedings is ordinarily a matter addressed to the sound discretion of the trial judge").  Where a statute is silent on a matter of judicial power, we do not assume the Legislature intended to impose limitations on the judiciary.  Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 215 (2011).

We conclude it was within the judge's discretion to award the attorney's fees but stay the payment of the fees until all

claims are resolved.[3]  Doing so is consistent with effectuating the purpose of the anti-SLAPP statute, and with the general broad discretionary powers trial judges are granted to stay proceedings and manage the award of attorney's fees.[4]

> Order dated January 27, 2022, affirmed.
>
> By the Court (Green, C.J., Henry & Englander, JJ.[5]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  April 21, 2023.

---

[3] Given our conclusion that the stay of the fee award was proper, we need not address the defendant's argument that this interlocutory appeal was not properly before us.

[4] The plaintiff's request for attorney's fees is denied, as he has not prevailed on appeal; the defendant's request is denied as she has not identified any fee-shifting statute that would justify the award.

[5] The panelists are listed in order of seniority.