Kagan Development KDC Corp. (KDC), Vadim Kagan (Vadim), and Tatiana Kagan (Tatiana), as plaintiffs and defendants-in-counterclaim (collectively, Kagan plaintiffs), and additional defendant-in-counterclaim James Joseph Cohen, appeal from the order denying their special motion to dismiss pursuant to G. L. c. 231, § 59H, the anti-SLAPP statute. With respect to Cohen, we affirm. With respect to the Kagan plaintiffs, we vacate the order denying the motion and remand the case for further proceedings under the second stage of the augmented framework for evaluating § 59H motions set out in Blanchard v. Steward Carney Hosp., 477 Mass. 141, 159-161 (2017).
We review the motion judge's denial of a special motion to dismiss to determine whether the denial constituted an abuse of discretion or error of law. Hanover v. New England Regional Council of Carpenters, 467 Mass. 587, 595 (2014).
1. The Kagan plaintiffs. The Kagan plaintiffs filed the present action, alleging that Kristina Brusenkova (who had worked at KDC as a bookkeeper from November, 2013, to October, 2014) had embezzled funds from KDC.[4] Prior to filing the civil action, the Kagan plaintiffs initiated four applications for criminal complaints against Brusenkova. The first and third applications alleged criminal violations based on Brusenkova's embezzlement. The second and fourth applications alleged witness intimidation related to the embezzlement charges. Each application was denied for lack of probable cause after hearings before a clerk-magistrate. Following the denial of these criminal complaints, the Kagan plaintiffs filed the present civil action.
Brusenkova, by contrast, asserts that she was fired by Tatiana (who is Vadim's wife) because she discovered that Vadim and Brusenkova were having an affair. She denies the embezzlement accusations, asserting that each of the allegedly forged checks that form the basis of the accusations was in fact authorized by Vadim. In her counterclaims against the Kagan plaintiffs and Cohen, Brusenkova asserted that the present action and the four criminal complaints constituted abuse of process, malicious prosecution, and intentional infliction of emotional distress because each was filed for the improper purpose of discouraging her from testifying in a suit brought by Lyman-Cutler LLC against KDC, and from pursuing her own sex discrimination complaint against KDC.[5] Brusenkova additionally alleges that, in connection with the third criminal complaint, the Kagan plaintiffs and Cohen doctored checks and forged a promissory note.
Cohen and the Kagan plaintiffs filed a special motion to dismiss pursuant to the anti-SLAPP statute, which is analyzed pursuant to a two-stage framework. Blanchard, 477 Mass. at 159. At the first stage, the moving party must demonstrate that the claims sought to be dismissed are solely based on petitioning activity. Ibid. In this case, the Kagan plaintiffs have met their burden. Brusenkova's counterclaims are based on the Kagan plaintiffs' petitioning activity-namely, their filing of the four criminal complaints and the civil complaint. See Wenger v. Aceto, 451 Mass. 1, 5-6 (2008) (filing criminal complaint is protected petitioning activity); Ehrlich v. Stern, 74 Mass. App. Ct. 531, 538 (2009) (filing civil complaint is protected petitioning activity).
Because the motivation of the moving party does not factor into whether the moving party has met its burden at this first stage, 477 Harrison Ave., LLC v. JACE Boston, LLC, 477 Mass. 162, 168 (2017), Brusenkova's allegation regarding the Kagan plaintiffs' supposed improper intentions does not affect this conclusion. Similarly, the allegation that the Kagan plaintiffs and Cohen falsified evidence also does not alter our conclusion. This is because that allegation, while based on nonpetitioning activity, relates only to the third criminal complaint and accordingly does not form a substantial basis of Brusenkova's counterclaims. Brusenkova's appellate counsel conceded at oral argument that the counterclaims were based on all of the criminal complaints, not just the third one. Accordingly, Brusenkova's counterclaims "are 'based on' ... petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Blanchard, 477 Mass. at 147, quoting from Fustolo v. Hollander, 455 Mass. 861, 865 (2010).
We turn next to the second stage of the analysis of the motion. This stage was augmented by the Supreme Judicial Court in Blanchard, which was decided after the motion judge's decision. At the augmented second stage, Brusenkova may defeat the motion if she can show either (1) the petitioning activities lacked any reasonable factual support or any arguable basis in law, and caused her actual injury, or (2) that her counterclaims were not "brought primarily to chill" the special movant's legitimate petitioning activities, but rather to "seek damages for the personal harm" caused by the special movant's activities. Blanchard, 477 Mass. at 159-160 (citations omitted). Because these are dependent on factual determinations, we remand for consideration by the motion judge in the first instance.
2. Cohen. With regard to Cohen, the motion judge properly denied the motion because Cohen (who, as an employee of KDC, was, at all relevant times, acting on KDC's behalf) was not petitioning on his own behalf. See Maxwell v. AIG Domestic Claims, Inc., 72 Mass. App. Ct. 685, 697 (2008) ("The anti-SLAPP statute does not apply unless a party is exercising [his] own right of petition").
So much of the order on the special motion to dismiss that denied the motion with respect to the Kagan plaintiffs is vacated, and that part of the case is remanded for analysis of the second stage under the augmented Blanchard standard. In all other respects, the order is affirmed.
So ordered.
Vacated in part and remanded; otherwise affirmed.

We recite the facts as alleged in the amended complaint and in Brusenkova's answer and counterclaims, supplemented by the affidavits and exhibits submitted by the parties in connection with the special motion to dismiss. See G. L. c. 231, § 59H.

She also asserted a conversion claim, which is not a subject of the special motion to dismiss. Brusenkova did not include Cohen in her abuse of process and emotional distress counterclaims.