The defendant, Paul J. Przyjemski, appeals from the order denying his motion to vacate a judgment entered in the Probate and Family Court on an equity complaint concerning certain parcels of real estate.
Background. This dispute arose among four brothers over two parcels of real estate. The first parcel is recorded land located at 84 Cliffe Avenue in Lexington. The second parcel is an adjacent lot that is registered land. The parcels were owned by the brothers' mother, Marcella Przyjemski. In 1999 and 2000, following her husband's death, Marcella[3] conveyed the properties to Paul. Sometime thereafter, Marcella executed a will that purported to retain a life estate in the properties for herself and to create a trust for the benefit of her four children. Marcella passed away approximately five years later. Her estate was not probated. In 2016, the plaintiffs filed a complaint in equity seeking, inter alia, the imposition of a resulting trust, the sale of the properties, and distribution of the net proceeds. The complaint and summons were served on Paul at his last and usual place of abode and by first class mail (to the same address), both by a process server.[4] Paul failed to answer the complaint and did not appear for any court hearings despite a scheduling order that provided that if Paul did not appear, "the case will go to judgment." Thereafter, judgment entered; it was docketed on January 31, 2017. The judgment, in essence, mirrored the proposed language set forth in the plaintiffs' motion for default judgment. In March of 2017, Paul filed a motion to vacate the judgment which, after notice to all parties, was denied in a margin notation. This appeal followed.
Subject matter jurisdiction. Paul argues that the Probate and Family Court did not have subject matter jurisdiction over the adjacent lot because it is registered land. We agree. "Subject matter jurisdiction cannot be conferred by consent, conduct or waiver" and therefore may be raised for the first time on appeal. Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). The Land Court has exclusive original jurisdiction over complaints affecting title to registered land, with certain exceptions which are not relevant here. See G. L. c. 185, § 1 (a 1/2). Accordingly, the Probate and Family Court judge could not "fashion a judgment which has the effect of imposing an encumbrance on the registered title." Feinzig v. Ficksman, 42 Mass. App. Ct. 113, 116 (1997). See G. L. c. 185, § 86. Because the resulting trust is an encumbrance[5] on registered land, so much of the judgment as relates to the adjacent parcel must be vacated.
Motion to vacate judgment. Paul sought to vacate the judgment contending that he "never received a copy of the complaint." His motion is tantamount to a motion filed pursuant to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974). We review the denial of a rule 60 (b) motion for an abuse of discretion. See Hermanson v. Szafarowicz, 457 Mass. 39, 48 (2010).
To obtain relief under rule 60 (b), "a party must show both a good reason to remove the default and also the existence of meritorious claims or defenses." Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806 (2002). Regarding the "good reason," ibr.US_Case_Law.Schema.Case_Body:v1">id., a party must show "mistake, inadvertence, surprise, or excusable neglect." Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). For a mistake or neglect to be excusable, it cannot have been the result of the party's own carelessness. Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 228 (1979).
Here, Paul claims that he uses multiple addresses for extended periods of time, he was not served in hand, his brothers did not tell him of the complaint, and perhaps most notably, he "rarely checks his mail." None of these contentions serves as a basis to vacate the judgment on the grounds of mistake, neglect, or inadvertence. Hermanson, 457 Mass. at 46-48. Accordingly, the judge did not abuse her discretion.[6] See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Conclusion. The order denying the motion to vacate the judgment is vacated. A new order shall enter vacating paragraph ten of the judgment, vacating so much of the judgment that pertains to the registered land, and affirming the remainder of the judgment.[7]
So ordered.
vacated in part; affirmed in part

As many of the parties share a surname, we use their first names to avoid confusion.

The process server used an address in Carlisle where Paul spent significant time with his girl friend. In addition, Paul had a post office box in Arlington. A certified mail receipt from the United States Postal Service was marked "Refused" from mail sent to the post office box.

At oral argument, both parties agreed that the resulting trust constituted an encumbrance on the adjacent lot.

Notwithstanding, paragraph ten of the judgment must be vacated because it prohibits Paul's rights of access to the courts. See Hanover v. New England Regional Council of Carpenters, 467 Mass. 587, 594 n.9 (2014). See also Ventrice v. Ventrice, 87 Mass. App. Ct. 190, 192-194 (2015).

The plaintiffs' request for appellate attorney's fees and double costs is denied.