A. JOHN MARABELLO, SR. *vs.* BOSTON BARK CORPORATION.[1]

Middlesex. May 10, 2012. - September 7, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*"Anti-SLAPP" Statute. Constitutional Law,* Right to petition government. *Practice, Civil,* Motion to dismiss, Interlocutory appeal, Attorney's fees.

In a civil action alleging that the defendant committed a breach of a settlement agreement with a town by failing to remove mulch from property owned by the plaintiff, the judge properly denied the defendant's special motion to dismiss pursuant to G. L. c. 231, § 59H, where the defendant failed to meet its threshold burden of showing that the plaintiff's claim against it was based on the defendant's exercise of its right of petition and had no substantial basis other than the defendant's exercise of its right of petition, in that the plaintiff's claim was not based on any statement or communicative conduct by the defendant but, rather, the defendant's failure to remove the mulch. [397-400]

This court declined to award double costs or attorney's fees where it affirmed a denial of a special motion to dismiss pursuant to G. L. c. 231, § 59H, on grounds different from those reached by the motion judge. [400]

CIVIL ACTION commenced in the Superior Court Department on January 28, 2010.

A special motion to dismiss was heard by *Kathe M. Tuttman,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Ferrante* for the defendant.

*Kathleen E. Connolly* for the plaintiff.

GANTS, J. The plaintiff, A. John Marabello, Sr. (Marabello), filed a complaint in the Superior Court alleging that the defend-

---

[1]The complaint filed in this case also included a claim against the natural resources commission of Concord (commission) that sought to enjoin the commission from taking action to enforce any notice of violation or enforcement order against Marabello. On February 23, 2011, Marabello and the commission filed an agreement for judgment to resolve this claim. The commission is not a party to this appeal.

ant, Boston Bark Corporation (Boston Bark), committed a breach of a settlement agreement with the town of Concord (town) by failing to remove mulch from property owned by Marabello. Boston Bark filed a special motion to dismiss under G. L. c. 231, § 59H, popularly known as the "anti-SLAPP" (Strategic Lawsuit Against Public Participation) statute, see *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 159-160 & n.7 (1998), contending that this claim was "intended to retaliate, deter and punish [Boston Bark] solely for engaging in the constitutionally protected activity of petitioning" the town. The motion was denied and Boston Bark filed an interlocutory appeal from the denial of the motion. See *Fabre* v. *Walton*, 436 Mass. 517, 521-522 (2002), *S.C.*, 441 Mass. 9 (2004) ("we hold that there is a right to interlocutory appellate review from the denial of a special motion to dismiss"). We transferred the appeal to this court on our own motion. We conclude that the claim that Boston Bark committed a breach of an agreement with the town is not based on Boston Bark's "exercise of its right of petition under the constitution of the United States or of the commonwealth," G. L. c. 231, § 59H, and therefore affirm the judge's denial of the special motion.

*Background.* We summarize the facts from the pleadings and affidavits in the record.[2] Boston Bark purchased Marabello's composting and mulch business in March, 2006, and at the same time leased from Marabello the parcel of land in Concord where the business was located.

On July 8, 2008, the town's building commissioner, acting as its zoning enforcement officer, sent Marabello and Boston Bark an enforcement letter stating that the activities conducted on the property violated the town zoning bylaw and ordering the activities to cease. Boston Bark appealed from the order to the town's zoning board of appeals on August 7, 2008, and also commenced informal discussions with representatives of the town to resolve the zoning violations. On August 16, 2008, Boston Bark

[2] "[T]he court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." G. L. c. 231, § 59H. The pleadings indicate disputed facts in the underlying case, but they are not material to our decision. See *North Am. Expositions Co. Ltd. Partnership* v. *Corcoran*, 452 Mass. 852, 854 n.5 (2009).

withdrew its formal appeal. As a result of the informal discussions, on October 31, 2008, Boston Bark and the town entered into a settlement agreement that provided, "Boston Bark will use diligent efforts to remove the [m]ulch and [e]quipment at the [p]roperty as soon as possible and shall complete the removal of all the [m]ulch and [e]quipment from the [p]roperty no later than July 1, 2009."

Meanwhile, on July 10, 2008, the director of the town's natural resources commission (commission) wrote to Marabello informing him that "mulch piles" had been observed on the property he had leased to Boston Bark on land designated as "Bordering Vegetated Wetlands," in violation of the Wetlands Protection Act, G. L. c. 131, § 40. The commission ordered Marabello "to cease all unauthorized activities in wetlands and within 100 feet of wetlands, with the exception of installing erosion and sediment controls [to prevent] further degradation." On September 3, the commission issued an enforcement order to Marabello and the president of Boston Bark that ordered them to cease and desist from any activity within and near the wetlands area and to file a restoration plan. On October 2, the commission amended the enforcement order, at Marabello's request, to delineate violations that had to be addressed immediately, and to provide for a second phase of site restoration to occur later.

On October 21, 2008, Marabello initiated a summary process action in the Concord Division of the District Court Department to evict Boston Bark for nonpayment of rent. Boston Bark told the District Court judge that the settlement agreement with the town did not require Boston Bark to finish removing mulch from the property until July 1, 2009. The judge stayed eviction proceedings against Boston Bark until June 26, 2009; the order of eviction was executed on July 22, 2009.[3]

Boston Bark did not meet the settlement deadline to remove the mulch from Marabello's property. In a letter dated August 13, 2009, Boston Bark continued to assert ownership of "85,000 yards of unscreened compost material" that remained on the property at the time of its eviction.

---

[3]The summary process action was one of at least four separate lawsuits brought by either Marabello or Boston Bark relating to the purchase and sale of the mulching business.

On December 29, 2009, the commission issued a notice of violation and an amended enforcement order to Marabello, stating that, if initial remedial steps were not taken by January 29, 2010, the commission would begin to impose fines of $500 per day against Marabello for violations of the town's wetlands bylaw. On January 28, 2010, Marabello filed an action in the Superior Court against Boston Bark, claiming that it had committed a breach of its settlement agreement with the town by failing to remove mulch from Marabello's property, and that the breach prevented Marabello from complying with the commission's enforcement order.

On April 1, 2010, Boston Bark filed a special motion to dismiss under G. L. c. 231, § 59H. On January 7, 2011, a judge in the Superior Court denied the motion, finding that Boston Bark failed to meet its burden of showing that Marabello's claim was based on "petitioning activity." The judge concluded that the purpose of "petitioning activity" must be to seek redress from a governmental entity and that Boston Bark did not "affirmatively seek redress" where it acted in response to an enforcement order.

*Discussion.* We review the judge's decision denying the special motion to dismiss to determine whether there was an abuse of discretion or other error of law. *Baker* v. *Parsons*, 434 Mass. 543, 550 (2001). "General Laws c. 231, § 59H, 'protects the "exercise of [the] right of petition under the constitution of the United States or of the commonwealth," by creating a procedural mechanism, in the form of a special motion to dismiss, for the expedient resolution' of suits designed to deter or retaliate against individuals who seek to exercise their right of petition."[4] *Wenger*

---

[4]General Laws c. 231, § 59H, provides, in pertinent part: "In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

*v. Aceto*, 451 Mass. 1, 4 (2008), quoting *Office One, Inc.* v. *Lopez*, 437 Mass. 113, 121 (2002). See *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161-162 (1998). If a moving party (here, Boston Bark) meets its threshold burden of showing that a claim against it is "based on [the] party's exercise of its right of petition," the burden shifts to the party making the claim (here, Marabello) to show that the "moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law," and caused actual injury.[5] G. L. c. 231, § 59H.

We conclude that Boston Bark failed to meet its threshold burden of showing that Marabello's claim against it was based on Boston Bark's exercise of its right of petition and had no substantial basis other than its exercise of its right of petition. See *Duracraft Corp.* v. *Holmes Prods. Corp.*, *supra* at 167-168 (moving party in anti-SLAPP motion must "make a threshold showing . . . that the claims against it are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities"). Having failed to satisfy its threshold burden, Boston Bark cannot prevail on its special motion to dismiss.

Section 59H provides that "the words 'a party's exercise of its right of petition' shall mean any written or oral *statement* made before or submitted to a [governmental body or proceeding]; any written or oral *statement* made in connection with an

---

[5]Where a moving party has met its threshold burden of showing that a claim is based on the party's exercise of its right to petition, dismissal of the claim through a special motion to dismiss under G. L. c. 231, § 59H, is far easier to obtain than through a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Once the threshold burden is met, a special motion to dismiss under § 59H must be allowed unless the party bringing the claim shows that the petitioning activity was "devoid of any reasonable factual support or any arguable basis in law." In contrast, a motion to dismiss under rule 12 (b) (6) may be allowed only where the factual allegations, accepted as true, do not plausibly suggest an entitlement to relief. See *Curtis* v. *Herb Chambers I-95, Inc.*, 458 Mass. 674, 676 (2011); *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 635-636 (2008). Because of the vast difference in these two standards, we noted in *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 166 (1998), that § 59H, "[b]y protecting one party's exercise of its right of petition, unless it can be shown to be sham petitioning, . . . impinges on the adverse party's exercise of its right to petition, even when [the adverse party] is not engaged in sham petitioning."

issue under consideration or review by a [governmental body or proceeding]; any *statement* reasonably likely to encourage consideration or review of an issue by a [governmental body or proceeding]; any *statement* reasonably likely to enlist public participation in an effort to effect such consideration; or any other *statement* falling within constitutional protection of the right to petition government" (emphasis added). In short, a party cannot exercise its right of petition without making a "statement" designed "to influence, inform, or at the very least, reach governmental bodies — either directly or indirectly." *North Am. Expositions Co. Ltd. Partnership* v. *Corcoran*, 452 Mass. 852, 862 (2009), quoting *Global NAPS, Inc.* v. *Verizon New England, Inc.*, 63 Mass. App. Ct. 600, 605 (2005). And a claim cannot be "based on" a party's exercise of its right to petition unless the claim is based on such a "statement." See, e.g., *Benoit* v. *Frederickson*, 454 Mass. 148, 153 (2009) (plaintiff's complaint based on statements to police); *North Am. Expositions Co. Ltd. Partnership* v. *Corcoran, supra* at 861-862 (plaintiff's complaint based on statements to executive body); *Wenger* v. *Aceto, supra* at 5-6 (plaintiff's complaint based on statements to court); *Fabre* v. *Walton*, 436 Mass. 517, 522-523 (2002) (same); *McLarnon* v. *Jokisch*, 431 Mass. 343, 347 (2000) (same). See also *Baker* v. *Parsons, supra* at 551, citing Barker, Common-law and Statutory Solutions to the Problem of SLAPPS, 26 Loy. L.A. L. Rev. 395, 402 (1993) (defamation most popular SLAPP cause of action).

Marabello's claim that Boston Bark committed a breach of its settlement agreement is not based on any "statement" or communicative conduct by Boston Bark; it is based on Boston Bark's failure to remove mulch from Marabello's property as agreed to in the settlement agreement. Boston Bark contends that it exercised its right to petition by seeking redress from the town for its own grievances related to the town's zoning enforcement, and was attempting, by negotiating and entering into a settlement agreement, to obtain a favorable result regarding those grievances. But the crux of Marabello's claim is not that he was injured by Boston Bark's advocacy with the town regarding zoning enforcement, or by Boston Bark's negotiations with the town, or by the execution of the settlement agreement. The

crux of the claim is that he was injured by Boston Bark's failure to remove the mulch.

Because we conclude that Marabello's claim of breach is not based on any statement made by Boston Bark in the exercise of its right of petition, and that Boston Bark's special motion to dismiss therefore must be denied, we need not address whether the judge was correct in denying the motion on the ground that Boston Bark did not "affirmatively seek redress" where it acted in response to an enforcement order. See *Fustolo* v. *Hollander*, 455 Mass. 861, 866 (2010), quoting *Kobrin* v. *Gastfriend*, 443 Mass. 327, 333 (2005) (anti-SLAPP statute applies only where "party seeks some redress from the government"). We will wait to address that question if and when we confront a special motion to dismiss where a claim is truly based on a statement designed to influence a governmental body or proceeding and was made in response to a governmental investigation or allegation of wrongdoing.

Marabello seeks an award of double costs under Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), and G. L. c. 211A, § 15, which permit such an award where the appellate court determines that an appeal is frivolous or intended for delay. Marabello also seeks attorney's fees and costs pursuant to G. L. c. 231, § 6F, applicable where the appellant's claims are "insubstantial, frivolous and not advanced in good faith." See *Masterpiece Kitchen & Bath, Inc.* v. *Gordon*, 425 Mass. 325, 329 (1997) (G. L. c. 231, § 6F, applies to appeals).

An appeal is frivolous, so as to risk potential imposition of a sanction, where there can be no reasonable expectation of a reversal under well-settled law. *Avery* v. *Steele*, 414 Mass. 450, 455 (1993), and cases cited. "Unpersuasive arguments do not necessarily render an appeal frivolous. . . . The determination whether an appeal is frivolous is left to the sound discretion of the appellate court." (Citations omitted.) *Id.* "We are hesitant to deem an appeal frivolous and grant sanctions except in egregious cases." *Symmons* v. *O'Keeffe*, 419 Mass. 288, 303 (1995). Here, we decline to grant an award of double costs or attorney's fees where we affirm on grounds different from those reached by the motion judge.

*Conclusion.* We affirm the motion judge's denial of the special

motion to dismiss because Boston Bark failed to meet its required threshold showing that Marabello's claim of breach of the settlement agreement was based on Boston Bark's exercise of its right to petition. We deny Marabello's request for double costs and attorney's fees.

*So ordered.*