HENRY, J.
*515 This case requires us to apply the "anti-SLAPP"[1] statute, G. L. c. 231, § 59H, to a permissive counterclaim. The defendant, 290 Auto Body, Inc. (290 Auto Body), appeals from an order of the District Court allowing the special motion of the plaintiff Citizens Insurance Company of America (Citizens) to dismiss 290 Auto Body's amended counterclaim under the anti-SLAPP statute. We conclude that Citizens failed to meet its threshold burden required to support a special motion and therefore, we reverse.
Background. We summarize the facts from the pleadings in the record. See G. L. c. 231, § 59H, inserted by St. 1994, c. 283, § 1 ("the court shall consider the pleadings and supporting and opposing *516 affidavits stating the facts upon which the liability or defense is based"); Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167, 691 N.E.2d 935 (1998) ( Duracraft ).[2]
On October 29, 2016, the operator of a car insured by Citizens, a licensed foreign insurer, was involved in an accident. The inoperable car was towed to 290 Auto Body, a licensed auto body repair shop. An appraiser inspected the car and declared it a total loss. 290 Auto Body subsequently issued a "Total Loss Bill" to Citizens in the amount of $ 3,055.02. Although Citizens disputed some of the charges, to avoid accrual of additional charges it paid the bill in full and removed the car from 290 Auto Body. On February 10, 2017, Citizens filed a complaint alleging three counts against 290 Auto Body: (1) fraud, (2) declaratory judgment, and (3) violation of G. L. c. 93A.
290 Auto Body timely filed an answer and a counterclaim not related to the transaction that formed the basis for Citizens' complaint. Rather, 290 Auto Body alleged that Citizens' representatives appeared at 290 Auto Body one week after Citizens filed its complaint, and that those representatives engaged in aggressive behavior in front of employees and customers, including an alleged assault upon 290 *294 Auto Body's president, that "disrupted the ordinary business operation" of 290 Auto Body and caused it damages. The claim was not captioned, which left some ambiguity as to whether it was a claim for tortious interference with 290 Auto Body's contractual relations or for assault (although the president was not added as a party), or both. See Guzman v. Pring-Wilson, 81 Mass. App. Ct. 430, 434, 963 N.E.2d 1196 (2012), quoting Restatement (Second) of Torts § 21(1) (1965) (assault "is an act done with the intention of causing 'a harmful or offensive contact with the person of the other ..., or an imminent apprehension of such a contact' "). Citizens filed a motion to dismiss 290 Auto Body's counterclaim for failure to state a claim. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). 290 Auto Body then filed an answer and amended counterclaim making slight alterations but again failing to unambiguously identify its cause(s) of action.
On June 8, 2017, Citizens filed a motion to dismiss 290 Auto Body's amended counterclaim for failure to state a claim and a special motion to dismiss the amended counterclaim pursuant to *517 G. L. c. 231, § 59H. At the hearing on the motions, 290 Auto Body clarified that the alleged assault on its president damaged the corporation's business (so the counterclaim is for tortious interference). The judge allowed the special motion to dismiss and did not rule on the motion based on failure to state a claim. 290 Auto Body appealed from the (corrected) judgment dismissing the amended counterclaim.[3]
Discussion. General Laws c. 231, § 59H, was enacted "to counteract 'SLAPP' suits, defined broadly as 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147, 75 N.E.3d 21 (2017), quoting Duracraft, 427 Mass. at 161, 691 N.E.2d 935. Under the statute, a party may file a special motion to dismiss if "the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth." G. L. c. 231, § 59H. The Duracraft framework, as augmented by Blanchard, outlines the two-step framework through which to analyze the special motion to dismiss. See Blanchard, supra at 159-161, 75 N.E.3d 21.
In this case, we are concerned only with the first step, which imposes a threshold burden on the special movant (Citizens) to show that the claims of the nonmovant (290 Auto Body) "are 'based on' the [movant's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Id. at 147, 75 N.E.3d 21, quoting Fustolo v. Hollander, 455 Mass. 861, 865, 920 N.E.2d 837 (2010).[4] To meet its threshold *295 burden, Citizens was required to establish that "(1) [its] complained of conduct is *518 petitioning activity; (2) the petitioning activity is [its] own petitioning activity; and (3) [290 Auto Body's] claims are solely based on the petitioning activity." Reichenbach v. Haydock, 92 Mass. App. Ct. 567, 572-573, 90 N.E.3d 791 (2017), citing Blanchard, 477 Mass. at 153 n.19, 75 N.E.3d 21. A party exercises its right of petition only when it makes a " 'statement' designed to 'influence, inform, or at the very least, reach governmental bodies -- either directly or indirectly.' " Marabello v. Boston Bark Corp., 463 Mass. 394, 399, 974 N.E.2d 636 (2012), quoting North Am. Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 862, 898 N.E.2d 831 (2009). See G. L. c. 231, § 59H, last par. A claim cannot be " 'based on' a party's exercise of its right to petition unless the claim is based on such a 'statement' ... or communicative conduct" (citations omitted). Marabello, supra at 399, 974 N.E.2d 636. We review the judge's first-stage ruling de novo. See Reichenbach, supra at 572, 90 N.E.3d 791.
Here, 290 Auto Body's permissive counterclaim for tortious interference is not based on any statement or communicative conduct by Citizens designed to influence, inform, or even reach a government body. Instead, the counterclaim is based on a private interaction involving alleged unruly assaultive behavior, subsequent to the filing of Citizens' action. In Citizens' special motion to dismiss, Citizens asserted that after Citizens filed its original motion to dismiss for failure to state a claim, 290 Auto Body was on notice that its counterclaim was not "actionable" and was designed to chill Citizens' legitimate exercise of its right to petition -- to bring suit in the first place. Thus, Citizen's argues, 290 Auto Body's amended counterclaim was solely based on Citizens' petitioning activity. These arguments misinterpret the statute and its accompanying cases. First, the term "based on" refers to the movant's alleged conduct underlying the nonmovant's counterclaim, not the nonmovant's alleged motivation for filing the counterclaim. See Duracraft, 427 Mass. at 168 n.20, 691 N.E.2d 935 ("We should also clarify that 'based on' does not mean 'in response to': although claims and related pleadings filed in court may be classified as petitioning activities, plaintiffs are not thereby immunized from counterclaims filed in response to the claim"); O'Gara v. St. Germain, 91 Mass. App. Ct. 490, 496, 77 N.E.3d 870 (2017), quoting Office One, Inc. v. Lopez, 437 Mass. 113, 122, 769 N.E.2d 749 (2002) ("the judge's focus must be solely on 'the conduct complained of, and, if the only conduct complained of is petitioning activity, then there can be no other "substantial basis" for the claim' "). See also Blanchard, 477 Mass. at 151, 75 N.E.3d 21 ("Ulterior motives ... do not bear on the petitioning nature of the statements").
*519 Even if the counterclaim lacks merit, an issue we need not decide, a meritless claim alone is insufficient to warrant relief under the anti-SLAPP statute. See O'Gara, 91 Mass. App. Ct. at 496, 77 N.E.3d 870 (when ruling on a special motion to dismiss, "the judge's role is not to decide whether the [nonmovant's] pleading ... plausibly suggests an entitlement to relief so as to withstand a motion to dismiss under Mass. R. Civ. P. 12 [b] [6]").
Accordingly, we conclude that Citizens failed to meet its threshold burden of *296 showing that 290 Auto Body's counterclaim was solely based on Citizens' petitioning activity. Citizens' special motion to dismiss should have been denied. The corrected judgment of August 11, 2017, dismissing the counterclaim is reversed.
So ordered.

"SLAPP" is an acronym for "strategic litigation against public participation." See Cadle Co. v. Schlichtmann, 448 Mass. 242, 242 n.2, 859 N.E.2d 858 (2007).

The pleadings indicate disputed facts, but they are not material to our decision. Marabello v. Boston Bark Corp., 463 Mass. 394, 395 n.2, 974 N.E.2d 636 (2012).

We treat the appeal as timely. Judgment on the counterclaim entered on July 13, 2017, and a corrected judgment entered on August 11, 2017. 290 Auto Body filed a notice of appeal to the Appellate Division of the District Court on August 25, 2017. Citizens moved to strike the notice, and a District Court judge denied the motion on October 10, 2017, granting 290 Auto Body leave to file a new or amended notice of appeal to this court. Compare Fabre v. Walton, 436 Mass. 517, 522, 781 N.E.2d 780 (2002) (order denying special motion to dismiss immediately appealable, regardless of court entering order, to Appeals Court). 290 Auto Body then filed a notice of appeal on October 19, 2017, which was seventy days after the corrected judgment entered. Citizens does not argue that the notice of appeal was untimely. We deem the notice timely as to the corrected judgment. See Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019).

For a full discussion of the modified Duracraft framework, see Blanchard, 477 Mass. at 159-161, 75 N.E.3d 21. For discussions of what constitutes petitioning activity, see ibr.US_Case_Law.Schema.Case_Body:v1">id. at 147-153, 75 N.E.3d 21 ; Reichenbach v. Haydock, 92 Mass. App. Ct. 567, 572-575, 90 N.E.3d 791 (2017).